IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FREDERICK COBB,                          )
                                         )
    Plaintiff,                           )
                                         )
vs.                                      )        CIVIL ACTION NO.: 25-420-JB-MU
                                         )
WARDEN RICHARD HETRICK, *et al.*,        )
                                         )
    Defendants.                          )

## REPORT AND RECOMMENDATION

Plaintiff Frederick Cobb, a pretrial detainee at the Escambia County Jail, proceeding without counsel (or *pro se*) and without prepayment of fees, initiated this action by filing a complaint under 42 U.S.C. § 1983. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). At the direction of the Court (*see* Doc. 7), Cobb filed an amended complaint. (Doc. 8).  Because Cobb was granted leave to proceed in this action without prepayment of fees, his complaint is subject to review under 28 U.S.C § 1915. Following review, the Court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

## I. Screening Standard

Pursuant to § 1915, the Court is to review the plaintiff's complaint to identify cognizable claims and to dismiss the complaint, or any portion of the complaint, "if the complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1), (2); *see also* § 1915(e)(2)(B)(i-iii). Dismissal for these reasons is mandatory rather than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint . . . ."); § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the claims are frivolous or fail to state a claim.).

A claim is frivolous "when it appears the plaintiff 'has little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," when its "factual contentions are clearly baseless," or when the defendant is immune from suit. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint may be dismissed for failure to state a claim upon which relief may be granted when it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (internal quotation marks omitted). This means a complaint must have sufficient factual allegations that "raise a right to relief above the speculative level" and the allegations must "show[] that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In reviewing the complaint, the Court liberally construes the plaintiff's allegations, holding them to a more lenient standard than those of an attorney. *Tannenbaum v. U.S.*,

148 F.3d 1262, 1263 (11th Cir. 1998). Furthermore, a court "accepts the complaint's factual allegations as true," *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), but does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 556 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II. Summary of the Complaint

After being instructed by the Court regarding the deficiencies of his initial complaint and the relevant law for the challenges he asserted, Cobb filed an amended complaint that alleges:

> Black mold in the shower/restroom and in different areas in the pod. I'm in Escambia County AL Jail, with 45-50 inmates in the pod with one shower and one toilet together in the same little room, every day I have to fight hard to hold my pee until someone comes out of the shower/toilet. A lot of times I have to pee in drink bottles, and the trash can because I can't hold my pee any longer, and 5 different times I pee myself and everybody joking and laughing. It's inhumane everyday! And lack of medical I told Nurse Ms. Jones, CO's Seyton, and Saltblock about my headache, toothache, breathing, and chest pains and didn't get help I don't remember the date when the medical problems. Every day for jail conditions since 3-26-2025.

(Doc. 8 at 4) (alterations to spelling). Cobb names only Warden James Ward in Section III of the amended complaint, where he is asked to individually specify defendants and the claims against them, though he lists Wardens James Ward and Richard Hetrick in the style of the complaint. (*See* Doc. 8 at 1 and 5). Cobb seeks monetary relief for his "mental health, and time loss since 3-26-2025." (*Id*. at 7).

## III. Discussion

3

After reviewing Cobb's amended complaint, the undersigned finds he has failed to state a § 1983 claim related to the conditions of mold and lack of medical care at the Escambia County Jail ("the Jail"). Prison conditions constitute cruel and unusual punishment only when they result in the "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety." *Collins v. Homestead Corr. Inst.*, 452 F. App'x 848, 850 (11th Cir. 2011). The constitution also protects a prisoner from conditions that pose "an objectively unreasonable risk of serious damage to his future health." *Brooks v. Warden*, 800 F.3d 1295, 1303 (11th Cir. 2015) (quotation marks and citation omitted). "Moreover, the conditions of confinement must meet 'the evolving standards of decency that mark the progress of a maturing society.'" *Id*., quoting *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). "A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Id.* at 1301 (quotation marks and citations omitted). To establish such a violation, a plaintiff must show: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation." *See id.* at 1303. Here, Cobb has failed to establish both the first and third prong and, therefore, has failed to establish a constitutional violation under 42 U.S.C. § 1983.

Regarding the black mold at the Jail, Cobb has not provided any factual allegations that indicate or suggest that he was injured from the mold nor has he provided facts that support he is at any serious risk of harm from the mold. *See Hall-*

*Wadley v. Maint. Dep't*, 386 F. Supp. 3d 512, 519 (E.D. Pa. 2019) ("Plaintiff solely asserts that black mold exists in the shower, and suggests that it 'has to be harmful.' Without any allegation as to suffering actual physical harm from the mold, which is required to state his federal claim, Plaintiff's conditions of confinement claim regarding the black mold therefore lacks constitutional muster.").

As to his claim that he was denied medical care for a "headache, toothache, breathing, and chest pains," Cobb has failed to show that he suffered an objectively serious medical need. (*See* Doc. 8 at 4). A "serious medical need is [ ] one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks and citation omitted). "In either of these situations, the medical need must be one that, if left unattended, poses a substantial risk of serious harm." *Id.* (internal quotation marks, brackets, and citation omitted). Here, Cobb has not alleged that he has been diagnosed with a condition that required treatment and his alleged symptoms, as described, are not so obvious that it can be said a layperson would recognize a need for treatment. Stated another way, Cobb's allegations are simply too vague and conclusory to state a claim for denial of medical care. Additionally, the amended complaint is void of facts demonstrating that he suffered any harm due to the denial of medical treatment or delay or medical treatment. Consequently, as to these challenges, Cobb has not alleged a condition "so extreme that it poses an unreasonable risk of serious damage to [his] health or safety," *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per

curiam), and has failed to state a claim upon which relief may be granted under section 1983.

However, turning to Cobb's remaining claim, "the Eighth Amendment may be violated if inmates are required to live in unsanitary conditions or those lacking basic elements of hygiene." *Stone v. Santa Rosa Cnty. Jail*, 2017 WL 2644065, at *2 (N.D. Fla. 2017) (unpublished) (citing *Chandler v. Baird*, 926 F.2d 1057, 1064 (11th Cir. 1991) (recognizing the long established Eighth Amendment right "not to be confined . . . in conditions lacking basic sanitation," *id*. at 1065-66)). The length of exposure to the condition is considered in determining if there is a constitutional violation. *Id.* Here, Cobb alleges that since he was booked into the Jail in March 2025, he has shared a shower/toilet with 45-50 other inmates, been forced to hold his urine for sustained lengths of time, had to urinate into drink bottles and the trash can, and has urinated on himself multiple times. Notably, being inconvenienced and having to wait in line for a toilet does not rise to a constitutional violation, *Kader v. Dooley*, No. 4:17-CV-04106-KES, 2019 WL 4227361, at *8 (D.S.D. Sept. 5, 2019), as there is no Eighth Amendment right "that prisoners enjoy immediately available . . . toilets." *Abdur -Reheem-X v. McGinnis*, 198 F.3d 244 (6th Cir. 1999). However, the Eighth Circuit has found that one urinal and three showers for 54 inmates was enough to survive § 1915 review, *Cass v. Reisch*, No. CIV. 10-41S9-LLP, 2011 WL 1578579, at *2 (D.S.D. Apr. 26, 2011), and the Tenth Circuit has found a triable issue where an inmate claimed only one or two bathrooms were available for 32 inmates, which caused him to soil himself four or five times, leading to other inmates making "fun of him." *Womble v. Chrisman*, 173 F. 4th 1186, 1200 (10th Cir. 2026).

Accordingly, the inconvenience of many inmates sharing bathroom facilities does not rise to a constitutional level, but where it results in a serious deprivation of human needs, like sanitation, it is possible to rise to a constitutional level. *See Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) (finding overcrowding in prison is not in and of itself unconstitutional but is a relevant factor if it causes a "serious deprivation of basic human needs" or leads to the deprivation "of the minimal civilized measure of life's necessities"). Because Cobb alleges he has lived in these conditions for nearly a year, has plead facts that indicate a severe lack of sanitation of which the defendants were aware, Cobb has stated enough on this issue to survive initial review under 28 U.S.C. § 1915. *See LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993) (To state a conditions of confinement claim, a plaintiff must show the defendants "wantonly permitted the constitutionally infirm condition to persist" while "knowingly or recklessly disregard[ing] [the plaintiff's] basic needs."); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."). Accordingly, this single claim will proceed in this action against Defendant Warden James Ward and Defendant Warden Richard Hetrick.

### III. Conclusion

For the reasons stated above, Cobb has failed to state a claim under 42 U.S.C. § 1983 for the black mold and denial of medical care at the Escambia County Jail. It is, therefore **RECOMMENDED** that these claims be **DISMISSED without prejudice** from this action under 28 U.S.C. § 1915(e)(2)(B). The sole remaining claim in this action, pending against Wardens Hetrick and Ward, is that related to 45-50 inmates sharing a

single shower/toilet for approximately a year. The undersigned therefore **RECOMMENDS** that Plaintiff's complaint be served on Defendants Hetrick and Ward with instructions to only respond to the allegation that the unsanitary conditions at the Jail violate his constitutional rights.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5**th day of **June, 2026**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

8